UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DOUGLAS THOMPSON, | Case No. 88-CV-0837 (PJS/FLN) |
| Plaintiff, | |
| v. | |
| | ORDER |
| MISSOURI BOARD OF PAROLE and UNITED STATES ATTORNEY, | |
| Defendants. | |

Douglas Thompson, pro se.

This matter is before the Court on plaintiff Douglas Thompson's motion under Rule 60(d)(3) of the Federal Rules of Civil Procedure to set aside a judgment that was entered by this Court in 1989.  For the reasons that follow, Thompson's motion is denied.

I.  BACKGROUND

In 1961, Thompson escaped from a California jail (where he was serving a sentence for armed robbery), went on a crime spree, and killed a police officer and another man in Missouri.  After a total of four trials, Thompson was convicted of both murders and sentenced to life in prison.  *See Thompson v. Denney*, No. 4:13CV1241 TIA, 2013 WL 3884168, at *1-3 (E.D. Mo. July 26, 2013) (reviewing Thompson's "extensive post-conviction history").

Thompson was released on parole in 1986. Two years later, he was arrested in Minnesota and charged with several federal crimes, including bank robbery and firearms offenses. Thompson pleaded guilty and was sentenced to 20 years in federal prison.

Missouri filed a detainer asking that Thompson be returned to its custody after he finished serving his federal sentence so that he could be held accountable for parole violations. *See id.* at *2. In response, Thompson filed a habeas petition in this Court, claiming that the Missouri detainer was invalid because he was no longer on parole. Specifically, Thompson argued that he had served at least five years on parole,[1] and that a Missouri law—§ 558.011.4 of the Missouri Revised Statutes—required that defendants be discharged from parole after five years. Both this Court and the Eighth Circuit rejected Thompson's argument on the ground that § 558.011.4 did not apply to crimes (such as Thompson's murders) that were committed before 1979. *See Thompson v. Mo. Bd. of Parole*, 929 F.2d 396, 398-99 (8th Cir. 1991).

Thompson served his federal sentence and then, pursuant to the detainer, he was returned to the custody of Missouri. It is unclear what happened next; presumably Missouri initiated parole-revocation proceedings. *See id.* at 401 n.12 (noting that

---

[1] Thompson had, in fact, served only three years on parole, but he argued that the final two years of his incarceration should "count" as time on parole because that incarceration was unlawful. *See Thompson v. Mo. Bd. of Parole*, 929 F.2d 396, 398 (8th Cir. 1991).

Missouri had initiated parole revocation proceedings "[b]ecause Thompson left the state of Missouri in 1987 and thereafter failed to report to his parole officer").

At any rate, Thompson now moves under Rule 60(d)(3) for this Court to set aside its 28-year-old ruling that the Missouri detainer was valid because, Thompson says, "the Missouri Attorney General's Office perpetrat[ed] 'a fraud on the Court.'"  ECF No. 65 at 1.[2]

## II.  ANALYSIS

The Court does not appear to have jurisdiction over Thompson's motion. Thompson challenges the 1989 judgment upholding the validity of the 1988 Missouri detainer.  But Thompson was long ago released from federal custody and returned to Missouri pursuant to that detainer.  The Court does not understand how a ruling that the 1988 Missouri detainer was invalid would have any impact on Thompson.  *See Thompson v. Terrell*, 209 F. App'x 852, 854-55 (10th Cir. 2006).  This case appears to be moot.

---

[2]Since 1991, Thompson has filed a raft of petitions seeking various forms of relief under 28 U.S.C. §§ 2241, 2254, and 2255.  *See, e.g.*, *Thompson v. Terrell*, 209 F. App'x 852 (10th Cir. 2006); *Thompson v. Booker*, 52 F. App'x 317 (8th Cir. 2002); *Thompson v. Nixon*, 272 F.3d 1098 (8th Cir. 2001); *Thompson v. True*, 156 F.3d 1244 (10th Cir. 1998) (unpublished table disposition); *Thompson v. True*, 106 F.3d 414 (10th Cir. 1997) (unpublished table disposition); *Thompson v. Mo. Bd. of Prob. & Parole*, 39 F.3d 186 (8th Cir. 1994); *Thompson v. United States*, 7 F.3d 1377 (8th Cir. 1993).  The allegations in these petitions are not relevant to the Court's disposition of this motion.

That said, Thompson is proceeding pro se, and his papers are far from clear. It is possible that declaring the 1988 Missouri detainer invalid would have some impact on Thompson that is not apparent to the Court. It also appears that Thompson may be seeking relief from more than just the 1988 Missouri detainer. The Court will therefore address Thompson's motion on the merits.

Rule 60(d)(3) allows a court to set aside a judgment for "fraud on the court." But "'not all fraud is fraud on the court.'" *United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1167 (9th Cir. 2017) (citation omitted). "In order to show fraud on the court, [the movant] must demonstrate, by clear and convincing evidence, an effort by [the other party] to prevent the judicial process from functioning 'in the usual manner.'" *United States v. Estate of Stonehill*, 660 F.3d 415, 445 (9th Cir. 2011) (citation omitted). Mere nondisclosure of evidence generally is not enough to constitute fraud on the court. *See Tyler v. Purkett*, 413 F.3d 696, 700 n.7 (8th Cir. 2005) ("Claims that a party did not disclose to a court certain facts allegedly pertinent to the matter before it, however, do not normally constitute fraud on the court."). Rather, "a finding of fraud on the court . . . 'is justified only by the most egregious misconduct directed to the court itself, such as bribery of a judge or jury or fabrication of evidence by counsel.'" *United States v. Smiley*, 553 F.3d 1137, 1145 (8th Cir. 2009) (citation omitted).

Thompson claims that the Missouri Attorney General's Office (the "AG") "deliberately perpetrated 'a fraud on the Court'" when the AG argued that § 558.011.4 did not apply to crimes committed before 1979 and when the AG "deliberately concealed" another Missouri statute (Mo. Rev. Stat. § 557.011.1) and a "1979 Legislative Manual" that specifically "held" otherwise.  ECF No. 65 at 1-3.  Thompson's argument is frivolous, for at least two reasons:

*First*, state statutes are public records, and thus the AG could no more have "concealed" § 557.011.1 from this Court than he could have "concealed," say, the United States Constitution.  Maybe Thompson did not have access to the Missouri statute while he was in prison.  *See* ECF No. 65 at 1 (claiming that Thompson "had no access to state law").  But the statute was readily available to this Court.

*Second*, the AG did not "lie to the Court" when the AG argued that § 558.011.4 did not apply to crimes committed before 1979.  ECF No. 65 at 3.  In fact, the AG was *correct*.  As both this Court and the Eighth Circuit have already held, § 558.011.4 does not apply to Thompson's murders or to any other crime committed before 1979.  The Court will not rehash the analysis that it and the Eighth Circuit performed almost 30 years ago, but will confine itself to just a couple of brief observations:

To start with, what Thompson calls the "1979 Legislative Intent Manual" is actually a guide titled "The New Missouri Criminal Code: A Manual for Court Related

Personnel." ECF No. 66 at 4. This guide was "[p]repared by the University of Missouri-Columbia School of Law, Office of Continuing Legal Education and The Institute of Public Safety Education." *Id.* It is an unofficial commentary on Missouri's revised criminal code. *See id.* at 4-8. It has no more legal status than, say, a newspaper column.

What is more, contrary to Thompson's assertions, neither this guide nor § 557.011.1 "specifically" states that § 558.011.4 applies to pre-1979 crimes. ECF No. 65 at 3. Section 557.011.1 (which was apparently enacted in 1977) directs that "for offenses defined outside this code and not repealed," the *term of imprisonment* or *fine* that may be imposed "is that provided in the statute defining the offense," but the *term of conditional release* that may be imposed "shall be determined as provided in subsection 4 of section 558.011." In other words, the statute provides direction to judges who must sentence defendants who are convicted of offenses that are not included in the revised criminal code. The statute does not say anything—much less anything "specific"—about the question of whether § 558.011.4 applies to crimes committed before 1979.

Although that question is not answered by § 557.011.1, that question is clearly answered by Mo. Rev. Stat. § 556.031.3. Section 556.031.3 states that "[t]he provisions of [Missouri's revised criminal code] do not apply to or govern the . . . construction of and punishment for any offense committed prior to January 1, 1979." Section 556.031.3 also states that offenses committed before 1979 "must be . . . punished according to the

provisions of law existing at the time of the commission thereof in the same manner as if this code had not been enacted." Section 558.011.4 is part of Missouri's revised criminal code. Therefore, the AG did not lie to the Court when the AG argued that § 558.011.4 did not apply to crimes committed before 1979.

Because the AG did not commit fraud on the Court—either by "concealing" § 557.011.1 or by arguing that § 558.011.4 does not apply to crimes committed before 1979—Thompson is not entitled to relief under Rule 60(d)(3).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's Rule 60(d)(3) motion [ECF No. 65] is DENIED WITH PREJUDICE.

2. Defendant's "Motion to Expedite" [ECF No. 73] is DENIED AS MOOT.

3. No certificate of appealability will be issued.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  November 29, 2017                     s/Patrick J. Schiltz
                                              Patrick J. Schiltz
                                              United States District Judge